## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN

GREAT LAKES TRANSPORTATION
HOLDING LLC, d/b/a METRO
CARS,

                Plaintiff,

vs.

DTW AIRPORT CAR, INC. d/b/a
DETROIT METRO LIMO CARS and
ABDUR REHMAN,

                Defendants.

Case No.:

Judge:

Paul Stewart (P79977)
DYKEMA GOSSETT PLLC
2723 South State Street, Suite 400
Ann Arbor, Michigan 48104
(734) 214-7629
pstewart@dykema.com

Jennifer Fraser
DYKEMA GOSSETT PLLC
1100 K St., NW, Suite 1100 West
Washington, DC 20005
202-906-8712
jfraser@dykema.com

*Attorneys for Plaintiff Great Lakes
  Transportation Holding LLC*

---

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Great Lakes Transportation Holding LLC, by its attorneys Dykema

Gossett PLLC, states as follows for its Complaint against Defendant DTW Airport

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104

Car, Inc. d/b/a Detroit Metro Limo Cars and Defendant Abdur Rehman:

## NATURE OF ACTION

1.     Defendants provide chauffeur/limousine and other transportation services ("Defendant Services") and use the website www.detroitmetroairportlimo.com ("Defendant's Website") to advertise and sell their services. Defendants advertise and sell their services on Defendant's Website using the identical trademark to Plaintiff's federally registered METRO CARS mark for identical services. Defendant's Website uses the registered METRO CARS trademark prominently in bold on its home page as well as in the metatags to divert those searching for the well-known METRO CARS mark. Plaintiff has been compelled to bring this action for federal and state trademark infringement and unfair competition because Plaintiff has priority of use of the longstanding METRO CARS trademark, and because of the likelihood of confusion in the relevant market, along with actual confusion, between Plaintiff's' METRO CARS trademark and Defendants' use of METRO CARS, DETROIT METRO CAR, METRO LIMO CAR, DETROIT METRO LIMO, and DETROIT METRO LIMO CAR, and variants thereof (collectively, "Defendant Marks"). Plaintiff has repeatedly alerted Defendants to this concern and Plaintiff's rights in the METRO CARS trademark in 2017, 2021 and 2022, with Defendant temporarily modifying its use after each of Plaintiff's objections. Despite such repeated notice,

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104

Defendants began using the Defendant Marks again and continue to offer and provide identical services under the METRO CARS name in competing and overlapping trade channels to at least some of the same customers and have advertised in at least some of the same media, thereby willfully infringing Plaintiff's rights in the METRO CARS trademark with potential harm to Plaintiff's reputation, Plaintiff's customers, and Plaintiff's services.

2.      This is a civil action for:  (i) trademark infringement arising under Section 32(1) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including willful infringement; (ii) unfair competition, use of false designations of origin in commerce, and false advertisement, arising under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a); (iii) trademark dilution, arising under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(c); (iv) violation of the Michigan Deceptive Trade Practices Act under Mich. Comp. Stat. § 445.901 et seq.; (v) common law unfair competition under the common law of the State of Michigan; and (vi) unjust enrichment under the common law of the State of Michigan.

**THE PARTIES**

3.      Plaintiff Great Lakes Transportation Holding Company, LLC d/b/a Metro Cars, ("Metro Cars" or "Plaintiff"), is a Michigan corporation with its principal place of business located at 24957 Brest Road, Taylor, Michigan, 48180.

For many years, Plaintiff Metro Cars has been engaged in and now is engaged in the provision of luxury sedan chauffeuring and other transportation services ("the "Services" or "Plaintiff Services"), and has used the METRO CARS trademark to identify its services for over 30 years.

4.      Upon information and belief, Defendant DTW Airport Car, Inc. is a Michigan corporation with its principal place of business at 50944 Silverton Drive, Canton, Michigan, 48187.

5.      Upon information and belief, Defendant Abdur Rehman is the owner and/or operator of DTW Airport Car, Inc. and resides at 50944 Silverton Drive, Canton, Michigan, 48187.

## JURISDICTION AND VENUE

6.      This is a suit for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1051 *et seq*.; unfair competition, false designation of origin, and false advertising under Section 43(a)(1) of the Lanham Act; trademark dilution under Section 43(c) of the Lanham Act; violation of the Michigan Deceptive Trade Practices Act under Mich. Comp. Stat. § 445.901 et seq.; and for common law unfair competition and unjust enrichment.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§1331 and 1338, and the doctrines of ancillary and pendent jurisdiction.

7.     Defendant DTW Airport Car, Inc. has submitted to personal jurisdiction in this Court because, *inter alia*, it is a Michigan corporation and has therefore availed itself to the rights and benefits of the laws of Michigan.   In addition, DTW Airport Car, Inc. is transacting and doing business within this judicial district and is committing the acts complained of herein within this judicial district.

8.     This Court has personal jurisdiction over Defendant Abdur Rehman because he resides and has committed acts of trademark infringement and unfair competition in this judicial district.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTS

10.    Plaintiff Metro Cars is engaged in the business of providing luxury sedan chauffeuring and other transportation services.   Plaintiff has used the servicemark METRO CARS on or in connection with Plaintiff Services to distinguish them from the services of others for over 30 years.

11.    Plaintiff is the exclusive owner of all right, title and interest in the mark METRO CARS.  Plaintiff is the owner of the following United States federal trademark registrations (individually and collectively, "the "METRO CARS Mark"):

5

| Mark/Reg. No. | Registration Date | Services |
|---|---|---|
| METRO CARS<br><br>Reg. No.:<br>1,908,853 | August 1, 1995 | Class: 39<br><br>chauffeured car for hire |
| METRO CARS and Design<br><br>**METRO CARS**<br><br>Reg. No. :<br>4,009,524 | August 9, 2011 | Class: 35<br><br>Transportation management services, namely, planning and coordinating transportation of people for others<br><br>Class: 39<br>Chauffeur services, namely, providing chauffeured automobiles, luxury automobiles and limousines for hire; luxury door-to-door ground transportation of passengers for business or personal travel by luxury automobile, limousine, executive van, mini bus and motor coach; airport ground transportation services; airport meet and greet services, namely, meeting and greeting passengers and directing them to a specific means of transportation; providing ground transportation to corporate customers in the nature of passenger shuttles; motor coach charter services; taxi transport service; medically-related para-transit ground transportation services |
| METRO CARS FL (Stylized)<br><br>**METRO CARS**fl<br><br>RN: 3,261,698 | July 10, 2007 | Class: 39<br><br>chauffeured car for hire |

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104

12.    True and correct copies of Plaintiff's registrations are attached hereto as Exhibits A, B, and C ("Plaintiff's Registrations").  In addition, copies of the assignment abstracts corresponding to Plaintiff's Registrations are attached hereto as Exhibits D, E, and F.  Plaintiff's Registrations are in full force and effect, and are now incontestable.

13.    Plaintiff has devoted significant advertising resources and creative energies towards creating goodwill in the METRO CARS Mark.  The METRO CARS Mark is distinctive, well known, and widely recognized by the consuming public as a designation of source, and specifically as a designation of source of Plaintiff Services.  The METRO CARS Mark is a famous mark.  The METRO CARS Mark is federally registered and Plaintiff uses the federal registration symbol for the METRO CARS Mark, as illustrated by the website page at Exhibit G, and the METRO CARS Mark is entitled to constructive notice under 15 U.S.C. § 1072.

14.    The METRO CARS trademark has been continuously used in commerce since at least as early as 1991.  Plaintiff has devoted significant marketing, advertising, and financial resources to developing and establishing in the minds of consumers that the METRO CARS Mark signifies Plaintiff Services.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104

As a result of these efforts, the METRO CARS Mark is widely recognized by the consuming public as a designation of source for the Plaintiff Services.

15.    Plaintiff expends significant revenue and resources in advertising and promoting its services using the METRO CARS Mark through various media, and ensuring the METRO CARS Mark serves to identify the source of Plaintiff Services. Metro Cars has prominently displayed the METRO CARS Mark on the internet and owns the rights in the domain name www.metrocars.com, and has used the METRO CARS Mark in its advertising materials, on vehicles, on its website and/or on other materials promoting Plaintiff Services.

16.    As a result of Plaintiff's promotion and marketing efforts and the quality of Plaintiff Services, the METRO CARS Mark is widely and favorably known. The METRO CARS Mark has become a valuable asset of Plaintiff Metro Cars and a symbol of its goodwill.

17.    Due to Plaintiff's exclusive prior and continuous use, the METRO CARS Mark has become the exclusive property of Plaintiff Metro Cars. Furthermore, such use has caused the METRO CARS Mark to acquire a meaning associated exclusively with Plaintiff's Services and serves to distinguish its services from the services of others.

### Defendant Rehman's Activities with His Prior Company

18.    On information and belief, Defendant Rehman previously owned and

operated Detroit Metro Airport Limo Car Service, Inc. d/b/a Metro Limo Cars (hereafter, the "Prior Company").  It first came to Plaintiff's attention in and around 2017, that Defendant Rehman, through  his Prior Company, was doing business as "Metro Limo Cars" and "Detroit Metro Limo Cars Service," offering chauffeur and transportation services under these names.

19.    The Prior Company, at the direction of Defendant Rehman, marketed his services on a website, www.detroitmetroairportlimo.com. A copy of the Prior Company website is attached as Exhibit H.  In May 2017, a search for the website www.detroitmetroairportlimo.com on WHOIS, a domain registration search tool, indicated the domain had been registered by Defendant Rehman.  Exhibit I.  On information and belief, Defendant Rehman currently owns and controls the Defendant's Website.

20.    On and around June 14, 2017, Plaintiff sent Defendant Rehman and the Prior Company a cease and desist letter, attached here as Exhibit J, which Defendant Rehman responded to by stating that he made all the requested changes.

**Defendants' Continuing Activities Resulting in, *Inter Alia*, Trademark Infringement and Unfair Competition**

21.    Upon information and belief, Defendant Rehman incorporated Defendant DTW Airport Car, Inc. in 2014 and Defendants, thereafter, commenced engaging in the business of providing chauffeur and other transportation services.

22.     Plaintiff became aware of Defendants' use of the METRO CARS Mark, or variations thereof, on the website www.detroitmetroairportlimo.com on or around January 2021.  Plaintiff sent Defendants cease and desist letters in 2021 and 2022.

23.     As of the date this Complaint was filed, Defendants continue to market their services on the website https://www.detroitmetroairportlimo.com/, which states across the top in large letters "DETROIT METRO LIMO."  The website also states "Detroit Metro Airport Limo" in large letters.  The site lists the phone numbers 1-800-729-6459 and 1-888-412-3141.  A copy of the home page and screenshots from Defendants' website are attached as Exhibits K-M.  The company's receipts read "Detroit Metro Limo Cars Service."

24.     The website at https://www.detroitmetroairportlimo.com also repeatedly uses the METRO CARS Mark.  Exhibits K-M.  For instance, the website states it "provides the best airport **metro car in Detroit**" and it is "the top-rated **Detroit metro car** & taxi service provider in the area" (emphasis in original).  Exhibit K.  The wording "metro car" appears in bold, in an attention-getting format, in contrast to most of the other text on Defendant's Website, as depicted below.  *See id.*



The website further states "[g]o in style with the **metro car service** Detroit," and "[o]ur wedding limo service & **metro car Detroit** is the best in the city."  Exhibit K.  The website further states, in large letters, "DETROIT AIRPORT LIMO – DETROIT METRO CAR SERVICE."  Exhibit L.  The website states "Arrive in Style and Comfort with Detroit Metro Car: Your One-Stop Solution for Your Transportation Needs!," "Traveling in style and comfort is now possible in Detroit, thanks to Detroit Metro Car," "let Detroit Metro Car take you on a journey like a celebrity," "Detroit Metro Car is the perfect solution," "leave the worries of transportation to Detroit Metro Car," "Just call Metro Car in Detroit," "just call DTW metro car ," and "Experience the ultimate in comfort, style, and reliability with Detroit Metro Car."  Exhibits L-M.  The term "metro car" also appears repeatedly through the source code for Defendant's Website to ensure Defendant's Website is retrieved when a potential purchaser searches for Plaintiff's METRO CARS Mark.  Exhibit N.

11

25.     Defendant(s) have been previously and repeatedly advised of Plaintiff's federal trademark rights in the METRO CARS Mark, and METRO CARS is well known, especially in the area where Defendants do business.  As such Defendants have received actual and constructive notice of Plaintiff's rights in the METRO CARS Mark.  Defendants are acting with full knowledge of Plaintiff's prior rights in the METRO CARS Mark and, despite this, are willfully infringing Plaintiff's METRO CARS Mark.  Indeed, Defendant Rehman is a former driver for Plaintiff and Plaintiff has sent multiple cease and desist letters to Defendants.   At least one consumer has been confused by Defendant's use of the METRO CARS Mark, purchased Defendant's services, in error, mistakenly believing an association with Plaintiff, and the consumer was left stranded.

26.     It is likely that such confusion will continue and other consumers will be confused by Defendants' use of the Defendant Marks.  Defendants' use of the Defendant Marks is the same and/or similar to and conveys the same commercial impression as that of the METRO CARS Mark, especially because the Defendant Marks are used by Defendants in advertising and promoting chauffeur and other transportation services, which are identical to Plaintiff Services.

27.     The likelihood of confusion between the METRO CARS Mark and the Defendant Marks will continue until Defendants cease all use of the Defendant Marks and cease all sales and advertising of the Defendant Marks branded

services.    Defendants' use of the Defendant Marks for chauffeur and other transportation services constitutes willful and intentional infringement and unfair competition, and is harmful to Plaintiff.

28.    Defendants' use of the Defendant Marks in connection with the Defendant Services is likely to cause confusion as to the source and origin of the Defendant Services and is likely to cause confusion, or to cause mistake, or to deceive the public and the trade as to the source or sponsorship of the Defendant Services and to falsely suggest a connection with Plaintiff, and mislead the public into believing that the Defendant Services emanate from, are approved or sponsored by, or are in some way associated or connected with Plaintiff.

29.    Defendants' use of the Defendant Marks in their advertising in connection with identical services falsely conveys that Plaintiff is affiliated with Defendants or otherwise misrepresents the nature, characteristics, and qualities of Defendant Services and commercial activities.    The advertising and continued use by Defendants of the Defendant Marks, upon information and belief, actually and materially deceived or has the capacity to materially deceive a substantial segment of the audience.

30.    Current and prospective customers looking for Plaintiff Services offered under the METRO CARS Mark and encountering the Defendant Marks are

likely to be confused or deceived as to the source of the services and sales could thus be diverted to Defendants.

31.   Upon information and belief, Defendants' adoption and use of the Defendant Marks represents a deliberate attempt to trade unlawfully upon the goodwill associated with the METRO CARS Mark.

32.   Defendants' wrongful acts have caused and are causing irreparable injury and monetary damages to Plaintiff, and unless this Court restrains Defendants from further commission of these acts, Plaintiff will suffer further irreparable injury for which Plaintiff has no adequate remedy at law.

## COUNT I — TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1114

33.   Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

34.   Defendants' use of the METRO CARS Mark is likely to cause, and has actually caused confusion, mistake, or deception as to:

(a)   Defendants' affiliation, connection, or association with Plaintiff; and/or

(b)   the origin, sponsorship, or approval of Defendants Services or commercial activities by Plaintiff.

35.   Defendants' activities as described above constitute infringement of the METRO CARS Mark in violation of Section 32(1) of the Lanham Act of 1946, as amended (15 U.S.C. § 1114(1)).

36.     Upon information and belief, Defendants adopted and first used colorable imitations of, and designations substantially identical to, Plaintiff's METRO CARS Mark with full knowledge of Plaintiff's ownership and rights of the METRO CARS Mark.  Therefore, Defendants have willfully infringed such rights.

37.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains that they are not entitled to in law or equity.

38.     Upon information and belief, Defendants intend to continue their willful infringing acts, unless restrained by this Court.

39.     Plaintiff has been damaged by Defendants' use of the above designations and is likely to be further damaged by Defendants' continued use of these designations, and Plaintiff has no adequate remedy at law.

### COUNT II — UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING UNDER 15 U.S.C. §1125(A)(1)

40.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

41.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Defendant Services are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or

affiliation of the Defendant Services, and are intended, and are likely to cause, such parties to believe in error that the Defendant Services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff or that Defendants are in some way affiliated with Plaintiff.

42.    In addition, Defendants' use of the above designations misrepresents the nature, characteristics, and/or qualities of Defendant Services and commercial activities.

43.    Thus, Defendants' activities as described above constitute unfair competition, the use of false designations of origin in commerce, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act of 1946, as amended (15 U.S.C. § 1125(a)).

44.    Upon information and belief, Defendants have made and will continue to make substantial profits and gains that it is not entitled to in law or equity.

45.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

46.    Plaintiff has been damaged by Defendants' use of the above designations and is likely to be further damaged by Defendants' continued use of the designations, and Plaintiff has no adequate remedy at law.   In particular, Defendants' use of the designation is likely to cause the METRO CARS Mark to lose its significance as an indicator of origin.   Further, any suggestion that

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104

Defendants are the "official" Detroit Metro Airport Car Service is false, and is designed to compete unfairly with Plaintiff and/or also suggests a false connection with Plaintiff.

## COUNT III — TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

47.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

48.     Defendants' use of the METRO CARS Mark dilutes the distinctive quality of the METRO CARS Mark in violation of 15 U.S.C. § 1125(c) because, upon information and belief, the chauffeur and other transportation services provided by Defendants are inferior in quality to Plaintiff Services.

49.     Upon information and belief, Defendants willfully intended to trade on the reputation of Plaintiff or to cause dilution of the METRO CARS Mark. Upon information and belief, Defendants have made and will continue to make substantial profits and gains that it is not entitled to in law or equity.

50.     Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

51.     Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT IV — MICHIGAN DECEPTIVE TRADE PRACTICES UNDER MICH. COMP. STAT. § 445.901 ET SEQ.

52.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

53.     Defendants, through their above-described conduct, have engaged in unlawful and unfair business practices within the meaning of the Michigan Consumer Protection Act, M.C.L.A. § 445.901 et seq. by causing a probability of confusion or misunderstanding as to the source, sponsorship, approval or certification of Defendants' Services, where there is a high probability consumers will believe Defendant Services are provided by, sponsored by, endorsed by, or approved by, Plaintiff.

54.     On information and belief, Defendants' conduct is calculated to increase business and profits by confusing members of the public, thereby allowing Defendants to misappropriate the valuable goodwill of the METRO CARS Mark and unfairly compete with Plaintiff under the laws of Michigan.

55.     Plaintiff has suffered and will continue to suffer actual damages unless Defendants' conduct is enjoined.  Defendant's conduct in violation of MCL 445.903(1) entitles Plaintiff to its reasonable attorney's fees pursuant to MCL 445.911. In addition, because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Plaintiff's rights, an award of exemplary and/or punitive damages is justified.

## COUNT V — COMMON LAW UNFAIR COMPETITION

56.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

57.    Plaintiff and Defendants are competitors, offering the same services, i.e., car and limousine services.

58.    Defendants' actions as set forth herein are designed to unfairly compete with Plaintiff and constitute unfair competition under the common law of the state of Michigan.

59.    Upon information and belief, Defendants have made and will continue to make substantial profits and gains that they are not entitled to in law or equity.

60.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

61.    Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT VI- UNJUST ENRICHMENT

62.    Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

63.    Benefits have been conferred upon Defendants by Defendants' unauthorized use of the METRO CARS Mark. Defendants have received a benefit

19

by avoiding the labor and expense of independently developing a source designating mark and the goodwill associated therewith.

64.    Defendants have appreciated, accepted, and retained these benefits.

65.    Upon information and belief, Defendants have further benefited by selling services they would not otherwise have been able to sell.  It is inequitable for Defendants to retain these benefits without the payment of value to Plaintiff.

66.    Defendants have been unjustly enriched at the expense of Plaintiff.

67.    Defendants activities as described above constitute unjust enrichment under the common law of the State of Michigan.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Court enters judgment in its favor against Defendants as follows:

A.    That Plaintiff's rights in and to the METRO CARS Mark are valid, enforceable and have been infringed by Defendants.

B.    That Defendants have willfully infringed Plaintiff's rights.

C.    That Defendants, their agents, servants, employees and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

(1)    using Plaintiff's METRO CARS Mark or colorable imitations thereof and other designs, designations and indicia which

are likely to cause confusion, mistake or deception with respect to Plaintiff's rights, including but not limited to any name containing the words "Metro" and "Car" or "Cars" or "Limo" or "Limos" in close proximity;

(2)     advertising under Plaintiff's METRO CARS Mark, colorable imitations of  Plaintiff's METRO CARS Mark, including in the source code for any websites, or other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights;

(3)     informing customers or potential customers that they are Metro Cars or are affiliated with, Metro Cars, or are an "official" car service for the Detroit Airport;

(4)     operating any domain name containing the word "Metro" and "Car" or "Cars" or "Limo" or "Limos" in close proximity or any variations thereof which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights;

(5)     using the designation "Metro Cars" or "Metro Car" or "Metro Limos" or "Metro Limos" or any variations thereof within meta-tags for, or as html/source codes for, Defendants' websites, or

buying key words for advertising online containing "Metro Car(s)"; and

     (6)    otherwise infringing Plaintiff's rights in METRO CARS Mark and competing unfairly with Plaintiff.

D.    Pursuant to 15 U.S.C. § 1118, that Defendants deliver to Plaintiff for destruction all infringing articles (including, without limitation, all labels, advertisements, promotional materials, and brochures) within its possession, custody, or control and immediately discontinue use of the infringing websites that bear the Defendant Marks or any other designation, symbol, or device that is confusingly similar to the METRO Cars Mark.

E.    Pursuant to 15 U.S.C. § 1117(a), MCL 445.911, and the common law, that Defendant be directed to account to Plaintiff for all gains, profits, and advantages derived from Defendants' wrongful acts.

F.    Pursuant to 15 U.S.C. § 1117(a), that Plaintiff recovers from Defendants the greater of three times the amount of Defendants' profits or any damages sustained by Plaintiff, together with interest on such amount and the costs of this action.

G.    Pursuant to MCL 445.911, that Plaintiff recovers from Defendants exemplary and/or punitive damages.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104

H.      Pursuant to 15 U.S.C. § 1117(a), that the Court determine that the case is exceptional and that Plaintiff recovers from Defendants its attorneys' fees and the costs of this civil action.

I.      Pursuant to MCL 445.911, that Plaintiff recovers from Defendants its attorneys' fees and the costs of this civil action.

J. That Defendants are directed to file, with this Court, and serve on Plaintiff within thirty (30) days after the service of any temporary restraining order, and/or preliminary or permanent injunction a written report under oath setting forth in detail the manner and form, in which, Defendants have complied with the injunction.

K.      That Plaintiff is granted such other and further relief as this Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all issues so triable.

Respectfully submitted,

Date: October 6, 2023                DYKEMA GOSSETT PLLC


By:  */s/ Paul T. Stewart*
    Paul T. Stewart (P79977)
    2723 South State Street, Suite 400
    Ann Arbor, MI 48104
    (734) 214-7629
    pstewart@dykema.com

    Jennifer Fraser
    1100 K St., NW, Suite 1100 West
    Washington, DC 20005
    202-906-8712
    jfraser@dykema.com

    *Attorneys for Plaintiff*

# INDEX OF EXHIBITS

A.  U.S. Trademark registration number 1,908,853.

B.  U.S. Trademark registration number 4,009,524.

C.  U.S. Trademark registration number 3,261,698.

D.  Trademark assignment abstract for U.S. Trademark registration number 1,908,853.

E.  Trademark assignment abstract for U.S. Trademark registration number 4,009,524.

F.  Trademark assignment abstract for U.S. Trademark registration number 3,261,698.

G.  Homepage of www.metrocars.com.

H.  Homepage of the Prior Company.

I.  Printout of WHOIS search for www.detroitmetroairportlimo.com.

J.  2017 Cease and Desist Letter

K.  Homepage of www.detroitmetroairportlimo.com.

L.  Screenshot of www.detroitmetroairportlimo.com.

M.  Screenshot of www.detroitmetroairportlimo.com.

N.  Printout of Source Code from www.detroitmetroairportlimo.com.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•2723 SOUTH STATE STREET, SUITE 400•ANN ARBOR, MICHIGAN 48104